Nash J.
 

 If the Judge committed any error, it was one, of which the defendants have no right to complain. We are disposed .to think the plaintiff was entitled to a verdict, as well
 
 *515
 
 upon the judgment for $20 47, as for the other. It is the act of assembly, under which these proceedings have taken place, gives the remedy before a single magistrate, where money has been received. But we must consider the legisla» ture to use . the term money, as it is known to the common law, not, as in all cases, implying the thing itself, but something received in the place oí it. Thus an action for money had and received, to the use of the plaintiff, will not be against the defendant for stock, bills of exchange, notes or checks, unless they were received by him for the plaintiff as money, and so considered at the time. The principle being in all cases, that if a thing be received as money it may be treated and sued for as money.
 

 In this case the claim, which Turner the constable had against Wilson, was for money due on a judgment. Instead of levying on the property of Wilson and' selling it, as he might have done, he receives from him, in the place of the money, property and labor. At the time the property was transferred to Turner and the labor performed, it was considered by both parties as so much money, paid by Wilson to the constable for the use of the plaintiff. We are of opinion his Honor committed no error, in so charging the jury. But there is another ground upon which we think the plain tiff was entitled to recover this amount. It is well settled, that when an agent receives goods to sell, while they remain in his hands, the action ior money had and received will not lie against him. But in some cases, a sale and receipt of the money will be presumed, as when the property is readily convertible into money, and a considerable time has elapsed since their reception, and no proof is given to the contrary, or when the agent, when called on, refuses or declines to give any account of the goods. In these cases, a sale and receipt of the money will be presumed.
 

 Here the judgment was put into the hands of Turner in February 1838 and the action is brought in 1844. We think the Judge might, in analogy to the principles established in the above cases, haye instructed the jury, that from the length of
 
 *516
 
 time which had elapsed, the law presumed Turner had received money upon this judgment.
 

 We concur with his Honor on the statute of limitations.— The defendants are charged by virtue of the act of assembly, on their bond as sureties for the constable Turner, and the time of limitation is six years, whereas not more than five years and one month had elapsed. .
 

 Per Curiam, Judgment affirmed.